**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1649
_____

RONALD RILEY,
                                        Appellant

v.

GOVERNOR TOM CORBETT; LT. TODD HARMAN; GOVERNOR TOM RIDGE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-02646)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2015

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 29, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ronald Riley appeals pro se from the District Court's dismissal of his civil rights action.  For the following reasons, we will affirm the District Court's judgment.

I.

In his second amended complaint under 42 U.S.C. § 1983, Riley, convicted of rape in 1985, alleged that provisions of Pennsylvania's Megan's Law, 42 Pa. Cons. Stat. §§ 9791-9799.41, which was enacted in 1995, violated his constitutional rights.  In particular, he complained that he should not be required to register under Megan's Law. He also asserted that he should not be subject to lifetime registration as a "Tier III" offender, where the lifetime registration requirement was added in 2012 and then applied to him without affording him notice, hearing, or a right to counsel to evaluate whether he fit in the category of Tier III offenders. [1]  Riley named as defendants Todd Harmon, a state police officer, and Tom Corbett, then-Governor of Pennsylvania.  He also named Tom Ridge, who was the Governor of Pennsylvania when Megan's Law was enacted.

Harmon and Corbett moved to dismiss the complaint, arguing that Megan's Law did not impose criminal penalties and was therefore not subject to ex post facto restrictions.  Several months later, Ridge also moved to dismiss on essentially the same grounds.  The District Court granted the motions to dismiss, holding that because

---

[1] Riley contended throughout the District Court proceedings that he had been classified as a "sexually violent predator," but the District Court correctly found that he was in fact placed in the lesser category of "sexual offender" (ECF No. 49 at 11).  Because Riley was convicted of rape, the provisions of Pennsylvania's Megan's Law required that he be

Megan's Law's registry requirements were not punitive in nature, requiring Riley to register as a sexual offender was not an Ex Post Facto Clause violation and also did not violate his due process rights. The District Court also denied Riley leave to further amend his complaint. Riley appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the defendants' motions to dismiss. McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). We review the District Court's denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

In order to state a viable claim under 42 U.S.C. § 1983, Riley must allege a violation of the Constitution or federal law committed by a person acting under color of law. See West v. Atkins, 487 U.S. 42, 48 (1988). Riley claimed that his constitutional rights under the Ex Post Facto and Due Process Clauses were violated when he was required to register as a Tier III sexual offender. The District Court properly dismissed Riley's complaint for failure to state a claim upon which relief could be granted because Pennsylvania's Megan's Law does not impose criminal punishment.

---

classified as a "Tier III" offender, the most serious of the three sexual offender statuses.

We begin with the District Court's dismissal of Riley's claim that application of the registration requirement to him violated the Ex Post Facto Clause. "Under the Ex Post Facto Clause, the government may not apply a law retroactively that 'inflicts a greater punishment, than the law annexed to the crime, when committed.'" Artway v. Att'y Gen. of N.J., 81 F.3d 1235, 1247 (3d Cir. 1996) (quoting Calder v. Bull, 3 U.S. (3 Dall.) 386, 390 (1798)). However, this prohibition applies only to criminal, as opposed to civil, impositions. See Myrie v. Comm'r, N.J. Dep't of Corr., 267 F.3d 251, 255 (3d Cir. 2001).

To determine whether the retroactive imposition of a sexual offender registry law constitutes a violation of the Ex Post Facto Clause, we must first determine whether the legislature meant to impose punishment, as opposed to merely establishing "'civil' proceedings." Smith v. Doe, 538 U.S. 84, 92 (2003) (citation omitted). We accord great deference to the legislature's stated intent. See id. If the intention was to enact a civil regulatory scheme, then we look to both the purpose and the effect of the law to determine if either factor is so punitive "as to negate [the State's] intention to deem it civil." Id. (internal quotations and citations omitted).

The stated purpose of Pennsylvania's Megan's Law is not to punish offenders, but rather to protect public safety by notifying the police and public of sexual offenders' whereabouts. 42 Pa. Cons. Stat. Ann. § 9799.11 ("It is the intention of the General

---

See Pa. Cons. Stat. Ann. § 9799.14(d)(2).

4

Assembly . . . to further protect the safety and general welfare of the citizens of this Commonwealth."). The Supreme Court ruled that a similar stated purpose was not punitive when "[t]he legislature found that sex offenders pose a high risk of reoffending, and identified protecting the public from sex offenders as the primary governmental interest of the law." Smith, 538 U.S. at 93 (internal quotations and citations omitted).

When analyzing whether the objective purpose of a particular piece of legislation constitutes punishment, courts must focus on "whether analogous measures have traditionally been regarded in our society as punishment." E.B. v. Verniero, 119 F.3d 1077, 1093 (3d Cir. 1997). With respect to the effects of sexual offender registration requirements, courts should analyze "whether, in its necessary operation, the regulatory scheme: has been regarded in our history and traditions as a punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a nonpunitive purpose; or is excessive with respect to this purpose." Smith, 538 U.S. at 97.

The Supreme Court has concluded that the Alaska Sex Offender Registration Act has the legitimate, nonpunitive purpose of protecting the public from harm and that its registration requirements are not punitive in effect. See Smith, 538 U.S. at 93 & 98-99. We have determined that the similar New Jersey law does not violate the Ex Post Facto Clause because it is not punitive in purpose or effect. See Artway, 81 F.3d at 1266-67 (holding that the registration provisions of New Jersey's Megan's Law do not constitute

punishment); <u>Verniero</u>, 119 F.3d at 1103-05 (holding that the notification provisions of New Jersey's Megan's Law do not constitute punishment for purposes of the Ex Post Facto Clause).

For purposes of this analysis, the Pennsylvania Megan's Law requirements that Riley challenged are not materially different from the Alaska and New Jersey provisions that the Supreme Court and we, respectively, have held not to violate the Ex Post Facto Clause. Therefore, despite his argument to the contrary, Riley did not establish that requiring him to register as a sexual offender amounted to an ex post facto violation. Accordingly, the District Court properly dismissed the claim.

We turn to the District Court's dismissal of Riley's due process claim. Riley appeared to argue that he should have been afforded procedural due process protections before he was classified as a Tier III offender and subjected to the lifetime registration requirement. In <u>Connecticut Department of Public Safety v. Doe</u>, 538 U.S. 1, 4 (2003), the Supreme Court concluded that, assuming that a liberty interest is implicated, due process does not mandate the opportunity to prove a fact that is not relevant to a sexual offender registration statute. Here, the statute mandates categorization based on the offender's conviction. Riley was convicted of rape, which is classified as a Tier III sexual offense. <u>See</u> Pa. Cons. Stat. Ann. § 9799.14(d)(2). Because it is uncontested that Riley was properly tried and convicted, he has received the process that he is due, and a further hearing (with the related procedural protections he requested) is not required. <u>See</u>

6

<u>Conn. Dep't of Pub. Safety</u>, 538 U.S. at 4.  Accordingly, the District Court was correct to dismiss Riley's due process claim.

Given that Riley's second amended complaint presented essentially identical allegations as his previous complaints and that the complaint still failed to state a constitutional violation, we conclude that the District Court did not abuse its discretion in denying leave to amend on the ground that it would have been futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

IV.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.